UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| EDWARD CHARLES CRESS, | ) |
| *Plaintiff*, | ) Case No. 4:25-CV-044-TRM-MJD |
| v. | ) Judge Travis R. McDonough |
| RONNIE PRINCE, NIKIA ELLIOT, AUSTIN SWING, and RICK GENTRY, | ) Magistrate Judge Michael J. Dumitru |
| *Defendants*. | ) |

## MEMORANDUM & ORDER

Plaintiff, an inmate confined in the Bedford County Justice Complex, filed a pro se complaint for violation of 42 U.S.C. § 1983 (Doc. 2) and a motion for leave to proceed *in forma pauperis* (Doc. 1).

Under the Prison Litigation Reform Act of 1995 ("PLRA"), a prisoner who files a complaint in a district court must tender the full filing fee, or he must seek leave to proceed *in forma pauperis* by filing (1) an application to proceed *in forma pauperis* without prepayment of fees *and* (2) "a certified copy of [his] inmate trust account statement (or institutional equivalent) [] for the 6-month period immediately preceding the filing of the complaint. . . . " 28 U.S.C. § 1915(a)(2).

Plaintiff has not paid the $405.00 filing fee, nor has he submitted the documents required for the Court to grant him leave to proceed herein without prepayment of the fee. Specifically, Plaintiff has not filed a certified copy of his inmate trust account statement, or the institutional equivalent.

Accordingly, the Clerk is **DIRECTED** to send Plaintiff an inmate trust account certificate. Plaintiff shall have thirty (30) days from the date of entry of this order to pay the full

filing fee or submit the necessary document. Plaintiff is hereby **NOTIFIED** that if he fails to fully and timely comply with this order, the Court shall presume that Plaintiff is not a pauper, assess him the full amount of fees, and order the case dismissed for want of prosecution.

Further, Plaintiff is **NOTIFIED** that the Court **WILL NOT** consider any amendments and/or supplements to the complaint or any other kind of motion for relief until after the Court has screened the complaint pursuant to the PLRA, *see, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, which the Court will do as soon as practicable. Accordingly, the Court will automatically deny any requests to amend or supplement the complaint and/or motions filed before the Court has completed this screening.

Plaintiff is **ORDERED** to immediately inform the Court and Defendants of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address will result in the dismissal of this action.

**SO ORDERED.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**