UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | | | |
|---|---|---|---|
| EDWARD CHARLES CRESS, | ) | | |
| | ) | | |
| *Plaintiff*, | ) | | |
| | ) | | |
| v. | ) | No. | 4:25-CV-044-TRM-MJD |
| | ) | | |
| RONNIE PRINCE, NIKIA ELLIOT, | ) | | |
| AUSTIN SWING, and RICK GENTRY, | ) | | |
| | ) | | |
| *Defendants*. | ) | | |

## **MEMORANDUM OPINION**

Plaintiff, a Bedford County Detention Center inmate, filed a *pro se* complaint for violation of 42 U.S.C. § 1983 arising out of various events during his confinement (Doc. 2). Plaintiff has paid the filing fee. For the reasons set forth below, this action will be **DISMISSED** because the complaint fails to state a claim upon which relief may be granted under § 1983.

## **I.    STANDARD**

District courts must screen prisoner complaints and dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim [at screening] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review, a prisoner complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a plausible claim. *Twombly*, 550 U.S. at 570. However, courts liberally construe *pro se* pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

## II. ALLEGATIONS

Plaintiff first states that he received excessive bail in a manner that amounts to cruel and unusual punishment because "they had the air condition[ing] on in winter and refused to provide [him] a blanket to keep warm" (Doc. 2, at 3).

Plaintiff next claims that his right to a speedy trial with an unbiased jury was violated because "the jail posted on their facebook page, to which was posted all over," the accusations against Plaintiff, without stating that he is innocent until proven guilty (*Id.* at 4).

Plaintiff then claims that unspecified staff have "lie[d] and show[n] excessive force," "refused to provide [him] with a change of clothes for 3 weeks," and moved him to the hole after a mental breakdown, rather than providing him counseling (*Id.*).

Plaintiff also states that after a "PREA" was reported, an officer told the inmates that if they had to keep putting people out of the pod, they would go on lockdown (*Id.*).

Plaintiff further claims that a "CERT" team entered his pod and yelled for all inmates to get down before tearing the pod apart and taking the inmates' books and other property, and two officers then told the inmates they were acting like "n*ggers" and accused them of having "shanks" but would not show them any such items when the inmates requested to see them (*Id.*).

Plaintiff additionally states that one of the doors in his pod "popped" while no officer was on duty, and this allowed two inmates to enter, causing an unsafe environment (*Id.*).

Plaintiff further states that after "an unstable inmate" made a threat to kill Plaintiff's pod, Plaintiff reported that threat to an officer, but nothing was done (*Id.* at 6). However, the inmate was later removed because he stripped naked in the middle of the pod (*Id.* at 7).

Plaintiff states that Defendants Prince and Gentry have not "clear[ed] and handle[d] grievances in a productive and timely manner" (*Id.* at 6).

Plaintiff also claims that an officer told inmates they could only use one roll of toilet paper per week and had to order any additional toilet paper they needed from commissary (*Id.* at 7). According to Plaintiff, "several inmates" could not buy extra toilet paper from commissary, and an officer told the inmates that if they ran out of toilet paper, they should "wipe with [their] hands and wash it off" (*Id.* at 7). Plaintiff once asked for toilet paper because he had used his roll while ill, but an officer denied his request, and Plaintiff had to use toilet water to clean himself (*Id.*).

Plaintiff additionally asserts that he and other inmates were denied tablets, kiosks, and phones for a weekend "due to all the fighting," but "no fighting occurred" (*Id.*).

Plaintiff also generally states that unspecified jail "guards and admin" talk down to and cuss at inmates, that the jail food is served cold, that inmates are always served beans and receive little meat, that inmates "find objects constantly," that one of Plaintiff's meals was supposed to be broccoli and cheese but was "st[i]cks with roots," and that the inmates have no proper grievance procedure (*Id.*).

Plaintiff further claims that the "CERT" team again came in his pod and tore it apart for a second time (*Id.*). In this incident, the team took Plaintiff's shirt and a laundry bag he had

3

purchased from commissary, and the inmates' request to speak to a commander about what occurred was "ignored" (*Id.*).  While other inmates later got back some items, Plaintiff did not get his items back (*Id.* at 8).

Plaintiff additionally states that inmates from another pod again entered his pod at one point, but guards did nothing (*Id.*).

Also, according to Plaintiff, dinner for Plaintiff and three other inmates was once served an hour and forty-five minutes later than everyone else (*Id.*).

Plaintiff further states that after he collapsed due to low blood pressure, unspecified staff waited an hour to call emergency services after they could not get him stable (*Id.*).  Also, a spot requiring follow-up was found on his lung, but staff will not tell him about the follow-up results (*Id.*).

 Plaintiff sent a request for an inmate account certificate but did not receive a completed form due to an officer being out of office and an officer then providing it to the wrong place (*Id.*).

Plaintiff has sued Jail Administrator Ronnie Prince, Chief Nikia Elliot, Sheriff Austin Swing, and Jail Coordinator Rick Gentry (*Id.* at 1, 3).  As relief, Plaintiff seeks financial compensation, a move "so [he] may have a fair and unbiased trial," and termination of Defendants (*Id.* at 5).

## III. ANALYSIS

While it is Plaintiff's duty to plead the capacity in which he is suing Defendants, *Wells v. Brown*, 891 F.2d 591, 593 (6th Cir.1989), Plaintiff does not state in his complaint whether he is suing Defendants in their individual or official capacities.  The Court therefore presumes Defendants are being sued in their official capacities.  *See Whittington v. Milby*, 928 F.2d 188,

4

193 (6th Cir. 1991). Nevertheless, the Court will also address whether Plaintiff's complaint states a plausible claim against Defendants in their individual capacities after addressing his official capacity claims. For the reasons set forth below, the complaint fails to state a plausible claim for § 1983 relief against any Defendant in his or her official or individual capacity.

### A. Official Capacity Claims

Plaintiff's claims against Defendants in their official capacities are the equivalent of suing Bedford County. *See Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985). As a municipality, Bedford County may only be liable under § 1983 if its official custom or policy caused a violation of Plaintiff's constitutional rights. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 694–95 (1978).

The only two claims in Plaintiff's complaint that the Court can liberally construe to arise out of a custom or policy of Bedford County are his claims that (1) inmates are only provided one roll of toilet paper per week, which resulted in Plaintiff having to clean himself with toilet water on one occasion; and (2) the inmates do not have a proper grievance procedure. With regard to the toilet paper claim, however, Plaintiff sets forth no facts about this policy from which the Court can plausibly infer that it caused an extreme deprivation of a life necessity that violated Plaintiff's constitutional rights, rather than a temporary inconvenience. *Hudson v. McMillan*, 503 U.S. 1, 8–9 (1992) (providing that only allegations of "extreme deprivations" that deny a prisoner "'the minimal civilized measure of life's necessities" support a cognizable § 1983 conditions-of-confinement claim (citations and quotations omitted)); *Dellis v. Corrs. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001) (providing that temporary inconveniences "did not demonstrate that the conditions fell beneath the minimal civilized measure of life's necessities as measured by a contemporary standard of decency"); *Mitchell v. Phillips*, No. 5:24-CV-P53-JHM,

2024 WL 4729313, at *3 (W.D. Ky. Nov. 8, 2024) (collecting cases holding that similar limitations on toilet paper allotments amount to only a temporary inconvenience, rather than a constitutional violation). Additionally, Plaintiff's allegation that the jail lacks a proper grievance procedure likewise fails to allege a constitutional violation. *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) (providing that a prisoner has "no inherent constitutional right to an effective prison grievance procedure").

Accordingly, the complaint fails to state a claim against any Defendant in his official capacity, and no claims therein will proceed against Bedford County.

B. **Individual Capacity**

First, Plaintiff makes no allegations against Defendants Swing and Elliot in his complaint. Also, Plaintiff's only specific allegations against Defendants Gentry and Prince are that these Defendants have not "clear[ed] and handle[d] grievances in a productive and timely manner" (*Id.* at 6).

Again, however, Plaintiff's allegations that Defendants Gentry and Prince have not properly handled grievances fail to rise to the level of a constitutional violation. *Id.* Moreover, as Plaintiff does not provide facts from which the Court can plausibly infer that any named Defendant was involved in the other incidents alleged in his complaint, the complaint fails to state a plausible claim for violation of § 1983 as to any named Defendant in his or her individual capacity arising out of those incidents. *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted under § 1983); *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("[O]ur precedents establish . . . that

6

Case 4:25-cv-00044-TRM-MJD    Document 6    Filed 10/02/25    Page 6 of 7    PageID #: 24

Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*").

Accordingly, Plaintiff's complaint fails to state a plausible claim for relief under § 1983 against any Defendant in his official or individual capacity, and it will be **DISMISSED**.

## III. CONCLUSION

For the reasons set forth above:

1. Even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983;

2. Accordingly, this action will be **DISMISSED without prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

3. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**SO ORDERED.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**